**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| ERNEST BOARD; | ) | |
| SONYA BOARD; | ) | |
| TRAVIS BOARD, by and through | ) | |
| his father and next friend, ERNEST BOARD; | ) | |
| FONDA BOARD, by and through | ) | |
| her father and next friend, ERNEST BOARD; | ) | |
| ELI BOARD, by and through | ) | |
| his father and next friend, HERBERT BOARD; | ) | |
| DEREK PETERS, by and through | ) | |
| his mother and next friend, CARLA FINLEY; | ) | |
| NANCY YOUNG; | ) | |
| ROBERT YOUNG; | ) | |
| JERRY BOARD; and | ) | |
| BETTY WILDMAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | Judge |
| PARIS POLICE OFFICER CHRIS GILL; | ) | |
| PARIS POLICE OFFICER CHRIS GRESHAM; | ) | |
| and THE CITY OF PARIS, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, ERNEST BOARD; SONYA BOARD; TRAVIS

BOARD, by and through his father and next friend, ERNEST BOARD; FONDA BOARD,

by and through her father and next friend, ERNEST BOARD; ELI BOARD, by and

through his father and next friend, HERBERT BOARD; DEREK PETERS, by and

through his mother and next friend, CARLA FINLEY; NANCY YOUNG; ROBERT

YOUNG; JERRY BOARD; and BETTY WILDMAN, by their attorneys, THE LAW

OFFICES OF BLAKE HORWITZ and RICHARDSON, STASKO, BOYD & MACK, LLC, and in complaining of the Defendants, PARIS POLICE OFFICER CHRIS GILL; PARIS POLICE OFFICER CHRIS GRESHAM; and THE CITY OF PARIS, Illinois, states as follows:

## JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

## PARTIES

2.      ERNEST BOARD is, and at all times material was, a citizen of the State of Illinois and the United States.

3.      SONYA BOARD is, and at all times material was, a citizen of the State of Illinois and the United States.

4.      TRAVIS BOARD is, and at all times material was, a citizen of the State of Illinois and the United States.

5.      FONDA BOARD is, and at all times material was, a citizen of the State of Illinois and the United States.

6.      ELI BOARD is, and at all times material was, a citizen of the State of Illinois and the United States.

7.      DEREK PETERS is, and at all times material was, a citizen of the State of Illinois and the United States.

8.      NANCY YOUNG is, and at all times material was, a citizen of the State of Illinois and the United States.

9. ROBERT YOUNG is, and at all times material was, a citizen of the State of Illinois and the United States.

10. JERRY BOARD is, and at all times material was, a citizen of the State of Illinois and the United States.

11. BETTY WILDMAN is, and at all times material was, a citizen of the State of Illinois and the United States.

12. HERBERT BOARD, father and next friend of ELI BOARD, is, and at all times material was, a citizen of the State of Illinois and the United States.

13. CARLA FINLEY, mother and next friend of DEREK PETERS, is, and at all times material was, a citizen of the State of Illinois and the United States.

14. OFFICER CHRIS GILL was a duly appointed and sworn police officer of The City of Paris, Illinois on March 27, 2005, the date the Plaintiffs allege said Officer committed the misconduct complained of herein.

15. OFFICER CHRIS GRESHAM was a duly appointed and sworn police officer of The City of Paris, Illinois on March 27, 2005, the date the Plaintiffs allege said Officer committed the misconduct complained of herein.

16. OFFICER GILL and OFFICER GRESHAM (hereinafter the "Defendant Officers") engaged in the wrongful conduct set forth below in the course of their employment and while on duty. This action is brought against the officers in their individual capacities.

17. THE CITY OF PARIS, ILLINOIS, is a duly incorporated municipal corporation and is the employer and principal of the above-referenced Defendant Officers. At all times material to this Complaint, the Defendant Officers were acting under color of

state law, ordinance and/or regulation, statutes, customs and usages of THE CITY OF PARIS, ILLINOIS.

## FACTS COMMON TO ALL COUNTS

18.     On or about March 27, 2005, at approximately 7:30 p.m., Ernest Board, Travis Board, Eli Board, and Derek Peters were located at the residence of Ernest Board, Sonya Board, Travis Board and Eli Board, the address of which is 801 W. Madison Street, Paris, Illinois.

19.     Travis Board, age 15, saw that two Paris Police Officers, now known to be Defendants Officer Gill and Officer Gresham, had arrived at said residence. Travis went to inform his father, Ernest Board, of the arrival of the Defendant Officers.

20.     Ernest Board lifted his half-brother, one-year old Eli Board, into his arms, and walked outside to greet the Defendant Officers. Travis Board and his friend, Derek Peters, accompanied Ernest Board. The Board family's dog walked with his owners.

21.     Suddenly the Defendant Officers fired gunshots. The dog jerked from Travis Board's grip and the dog fell to the ground, having been shot.

22.     The two Defendant Officers approached the dog and continued to shoot additional bullets at the dog directly in front of Ernest Board, Travis Board, Eli Board, and Derek Peters.

23.     Ernest Board and Travis Board begged the Defendant Officers to stop shooting their dog.

24.     At that time, the Defendant Officers aimed their guns at Plaintiffs Ernest Board, Travis Board, Eli Board, and Derek Peters. The Defendant Officers told Plaintiffs Ernest Board, Travis Board, Eli Board, and Derek Peters that the officers would shoot

them in their chests.

25.     Ernest Board turned to protect young Eli Board; Ernest Board, Eli Board, Travis Board and Derek Peters backed inside the garage.

26.     Once indoors Ernest Board called certain family members and his friend, an Edgar County Sheriff, informed them of what had occurred, and asked for help.

27.     Soon thereafter, unbeknownst to Ernest Board, Travis Board went outside to be with his dog, which was dying.

28.     At this time Sonya Board, Fonda Board and Betty Wildman arrived at said residence in Sonya's vehicle and walked towards the house.

29.     Sonya Board saw her son, Travis Board, with his arms up in the air.  The Defendant Officers told Travis that they would shoot him in the chest.

30.     At this time Jerry Board, Ernest's brother, arrived at said residence in his vehicle.

31.     One of the Defendant Officers forced Travis to the ground, pushing his foot into Travis' back, and handcuffed him.

32.     Jerry Board asked the Defendant Officers to release Travis.  The Defendant Officers told Jerry Board that they would shoot him in the chest.

33.     At this time, Ernest Board approached Jerry Board and informed him that the Defendant Officers had shot the family dog.  The Defendant Officers aimed their guns at Ernest Board and Jerry Board and threatened to shoot them in their chests.

34.     Next, Nancy Young, Ernest's mother, and Robert Young, Ernest's step-father, arrived at said residence.  Robert Young walked with his hands raised.  The Defendant Officers aimed their guns at Nancy Young and Robert Young and threatened to

shoot them in their chests.

35.    Travis Board begged his grandmother, Nancy Young, to be careful.  At said time, one of the Defendant Officers threatened to Travis Board, who was still laying face down on the ground.

36.    At this time, Nancy Young walked over to her grandson, Travis Board. Nancy Young knelt beside Travis and stretched her body across Travis to protect him from possible gunshots since she noticed that one of the Defendant Officer's arm was shaking while aiming a gun at certain Plaintiffs.

37.    The Edgar County Sheriff friend of Ernest Board and other Paris police officers arrived at the scene.

38.    While each of the Defendant Officers was engaged in the above referenced misconduct, the other Defendant Officer observed the occurrence, but failed to intervene.

39.    On March 27, 2005, the Plaintiffs did not assault the Defendant Officers.

40.    On March 27, 2005, the Plaintiffs did not batter the Defendant Officers.

41.    On March 27, 2005, the Plaintiffs did not threaten the Defendant Officers.

42.    On March 27, 2005, the Plaintiffs did not resist arrest.

43.    On March 27, 2005, the Plaintiffs did not have illegal drugs on their persons.

44.    On March 27, 2005, the Plaintiffs did not have any weapons in their possession.

45.     On March 27, 2005, the Plaintiffs did not provoke the Defendant Officers.

46.    On March 27, 2005, the Defendant Officers did not have probable cause and/or a reasonable suspicion to believe that the Plaintiffs had on their persons a weapon,

drugs and/or any type of device or contrivance which was contrary to the laws of the State of Illinois and/or the United States.

47. On March 27, 2005, the Plaintiffs did not engage in any activity which caused the Defendant Officers to believe that they were going to cause them injury.

48. On March 27, 2005, the Defendant Officers did not observe the Plaintiffs undertake any act which would cause them to believe that the Plaintiffs had committed a criminal act.

49. At no time on March 27, 2005, was it necessary for the Defendant Officers to assault the Plaintiffs and shoot their dog.

50. The use of force initiated and utilized by the Defendant Officers caused the Plaintiff Travis Board to suffer injuries to his shoulder.

51. As a direct and proximate result of one or more of the aforesaid acts and omissions of the Defendant Officers, the Plaintiffs sustained serious and permanent injuries, causing pain, suffering, mental anguish and pecuniary loss both now and in the future.

52. Such use of force initiated and utilized by the Defendant Officers was excessive, unreasonable, unnecessary, willful and recklessly disregarded the rights of the Plaintiffs.

53. The use of force initiated by the Defendant Officers onto the Plaintiffs was excessive, unreasonable and unnecessary in order to accomplish any task undertaken by the Defendant Officers.

54. The Defendant Officers willfully, and with utter disregard for the rights and safety of the Plaintiffs, injured the Plaintiffs. Said conduct was performed deliberately,

with oppression, with such gross negligence so as to indicate a wanton disregard for the rights of the Plaintiffs, with evil motive and reckless indifference to the rights of the Plaintiffs to be free from bodily injury and psychological injury.

55.    The use of force initiated and utilized by the Defendant Officers constituted excessive, unreasonable and unnecessary force.

56.    The use of force initiated and utilized by the Defendant Officers and the failure of said Officers to intervene in the use of said force caused an excessive amount of force to be inflicted onto the Plaintiffs, causing them to sustain injuries.

### COUNT I
**(Plaintiff Ernest Board Against Officer Chris Gill for Excessive Force)**

57.    Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

58.    Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Ernest Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

59.    The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

60.    The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Ernest Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT II

**(Plaintiff Ernest Board Against Officer Chris Gresham for Excessive Force)**

61.    Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

62.    Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Ernest Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

63.    The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

64.    The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Ernest Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT III
**(Plaintiff Ernest Board Against Officer Chris Gill for Unreasonable Seizure)**

65.    Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

66.    Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Ernest Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

67.    The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

68.     The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Ernest Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT IV
**(Plaintiff Ernest Board Against Officer Chris Gresham for Unreasonable Seizure)**

69.     Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

70.     Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Ernest Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

71.     The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

72.     The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Ernest Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT V
**(Plaintiff Ernest Board Against Officer Chris Gill
for State Claim of Assault and Battery)**

73.     Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

74.     The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Ernest Board did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Ernest Board, demands compensatory damages from the Defendant Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT VI
### (Plaintiff Ernest Board Against Officer Chris Gresham
### for State Claim of Assault and Battery)

75.     Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

76.     The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Ernest Board did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Ernest Board, demands compensatory damages from the Defendant Officer Gresham. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT VII

**(Plaintiff Ernest Board Against Officer Chris Gill**
**for State Claim of Intentional Infliction of Emotional Distress)**

77.     Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

78.     Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Ernest Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

79.     As a proximate result of the above-referenced conduct, the Plaintiff, Ernest Board, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Ernest Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT VIII
**(Plaintiff Ernest Board Against Officer Chris Gresham**
**for State Claim of Intentional Infliction of Emotional Distress)**

80.     Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

81.     Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Ernest Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

82.     As a proximate result of the above-referenced conduct, the Plaintiff Ernest

Board has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Ernest Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT IX
### (Plaintiff Ernest Board Against Officer Chris Gill
### for State Claim of Willful and Wanton Conduct)

83.     Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

84.     At all times material and relevant, the Defendant Officer Gill owed Ernest Board a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

85.     Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

a.      Aimed a gun at Ernest Board absent any provocation;

b.      Threatened Ernest Board with physical harm;

c.      Otherwise acted with reckless disregard for the health, safety and medical needs of Ernest Board.

86.     As a proximate result of the above-referenced conduct, Plaintiff Ernest Board sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Ernest Board, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT X
### (Plaintiff Ernest Board Against Officer Chris Gresham
### for State Claim of Willful and Wanton Conduct)

87.     Plaintiff Ernest Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

88.     At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Ernest Board, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

89.     Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

   a.     Aimed a gun at Ernest Board absent any provocation;

   b.     Threatened Ernest Board with physical harm;

   c.     Otherwise acted with reckless disregard for the health, safety and medical needs of Ernest Board.

90.     As a proximate result of the above-referenced conduct, Plaintiff, Ernest Board, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Ernest Board demands compensatory damages from Officer Gresham. Ernest Board also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XI
### (Plaintiff Sonya Board Against Officer Chris Gill for Excessive Force)

91.     Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

92.     Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Sonya Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

93.     The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

94.     The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Sonya Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XII
### (Plaintiff Sonya Board Against Officer Chris Gresham for Excessive Force)

95.     Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

96.     Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Sonya Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

97.     The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

98.     The aforementioned actions of Officer Gresham were the direct and

proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Sonya Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XIII
### (Plaintiff Sonya Board Against Officer Chris Gill for Unreasonable Seizure)

99.     Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

100.    Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Sonya Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

101.    The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

102.    The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Sonya Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XIV
### (Plaintiff Sonya Board Against Officer Chris Gresham for Unreasonable Seizure)

103.    Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

104. Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Sonya Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

105. The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

106. The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Sonya Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XV
**(Plaintiff Sonya Board Against Officer Chris Gill
for State Claim of Assault and Battery)**

107. Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

108. The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Sonya Board did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Sonya Board, demands compensatory damages from the Defendant Officer Gill. The Plaintiff also demands punitive damages and costs and

whatever additional relief this Court deems equitable and just.

### COUNT XVI
**(Plaintiff Sonya Board Against Officer Chris Gresham**
**for State Claim of Assault and Battery)**

109.    Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

110.    The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Sonya Board did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Sonya Board, demands compensatory damages from the Defendant Officer Gresham. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT XVII
**(Plaintiff Sonya Board Against Officer Chris Gill**
**for State Claim of Intentional Infliction of Emotional Distress)**

111.    Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

112.    Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Sonya Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

113.    As a proximate result of the above-referenced conduct, the Plaintiff, Sonya Board, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and

has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Sonya Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT XVIII**
**(Plaintiff Sonya Board Against Officer Chris Gresham**
**for State Claim of Intentional Infliction of Emotional Distress)**

114.     Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

115.     Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Sonya Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

116.     As a proximate result of the above-referenced conduct, the Plaintiff Sonya Board has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Sonya Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT XIX**
**(Plaintiff Sonya Board Against Officer Chris Gill**
**for State Claim of Willful and Wanton Conduct)**

117.     Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one

through fifty-six as if fully set forth herein.

118. At all times material and relevant, the Defendant Officer Gill owed Sonya Board a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

119. Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

a. Aimed a gun at Sonya Board absent any provocation;

b. Threatened Sonya Board with physical harm;

c. Otherwise acted with reckless disregard for the health, safety and medical needs of Sonya Board.

120. As a proximate result of the above-referenced conduct, Plaintiff Sonya Board sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Sonya Board, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT XX
**(Plaintiff Sonya Board Against Officer Chris Gresham**
**for State Claim of Willful and Wanton Conduct)**

121. Plaintiff Sonya Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

122. At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Sonya Board, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

123. Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

    a.    Aimed a gun at Sonya Board absent any provocation;

    b.    Threatened Sonya Board with physical harm;

    c.    Otherwise acted with reckless disregard for the health, safety and medical needs of Sonya Board.

124. As a proximate result of the above-referenced conduct, Plaintiff, Sonya Board, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Sonya Board demands compensatory damages from Officer Gresham. Sonya Board also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XXI
**(Plaintiff Travis Board Against Officer Chris Gill for Excessive Force)**

125. Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

126. Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Travis Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

127. The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

128. The aforementioned actions of Officer Gill were the direct and proximate

cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Travis Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XXII**
**(Plaintiff Travis Board Against Officer Chris Gresham for Excessive Force)**

129.    Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

130.    Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Travis Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

131.    The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

132.    The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Travis Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XXIII**
**(Plaintiff Travis Board Against Officer Chris Gill for Unreasonable Seizure)**

133.    Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

134. Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Travis Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

135. The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

136. The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Travis Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXIV
**(Plaintiff Travis Board Against Officer Chris Gresham for Unreasonable Seizure)**

137. Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

138. Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Travis Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

139. The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States

Constitution.

140.     The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Travis Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXV
**(Plaintiff Travis Board Against Officer Chris Gill
for State Claim of Assault and Battery)**

141.     Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

142.     The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Travis Board did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Travis Board, demands compensatory damages from the Defendant Officer Gill.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XXVI
**(Plaintiff Travis Board Against Officer Chris Gresham
for State Claim of Assault and Battery)**

143.     Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

144.     The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Travis Board did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Travis Board, demands compensatory damages from the Defendant Officer Gresham.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XXVII
**(Plaintiff Travis Board Against Officer Chris Gill
for State Claim of Intentional Infliction of Emotional Distress)**

145.     Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

146.     Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Travis Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

147.     As a proximate result of the above-referenced conduct, the Plaintiff, Travis Board, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Travis Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**(Plaintiff Travis Board Against Officer Chris Gresham**
**for State Claim of Intentional Infliction of Emotional Distress)**

148.     Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

149.     Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Travis Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

150.     As a proximate result of the above-referenced conduct, the Plaintiff Travis Board has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Travis Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT XXIX**
**(Plaintiff Travis Board Against Officer Chris Gill**
**for State Claim of Willful and Wanton Conduct)**

151.     Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

152.     At all times material and relevant, the Defendant Officer Gill owed Travis Board a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

153.     Notwithstanding said duties, Defendant Officer Gill engaged in the

following willful and wanton conduct:

     a.       Aimed a gun at Travis Board absent any provocation;

     b.       Threatened Travis Board with physical harm;

     c.       Otherwise acted with reckless disregard for the health, safety and medical needs of Travis Board.

154.     As a proximate result of the above-referenced conduct, Plaintiff Travis Board sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Travis Board, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT XXX
**(Plaintiff Travis Board Against Officer Chris Gresham**
**for State Claim of Willful and Wanton Conduct)**

155.     Plaintiff Travis Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

156.     At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Travis Board, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

157.     Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

     a.       Aimed a gun at Travis Board absent any provocation;

     b.       Threatened Travis Board with physical harm;

     c.       Otherwise acted with reckless disregard for the health, safety and medical needs of Travis Board.

158.     As a proximate result of the above-referenced conduct, Plaintiff, Travis Board, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Travis Board demands compensatory damages from Officer Gresham.  Travis Board also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XXXI
**(Plaintiff Fonda Board Against Officer Chris Gill for Excessive Force)**

159.     Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

160.     Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Fonda Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

161.     The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

162.     The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Fonda Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXXII
**(Plaintiff Fonda Board Against Officer Chris Gresham for Excessive Force)**

163.     Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one

through fifty-six as if fully set forth herein.

164. Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Fonda Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

165. The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

166. The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Fonda Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXXIII
### (Plaintiff Fonda Board Against Officer Chris Gill for Unreasonable Seizure)

167. Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

168. Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Fonda Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

169. The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

170. The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Fonda Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXXIV
**(Plaintiff Fonda Board Against Officer Chris Gresham for Unreasonable Seizure)**

171.    Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

172.    Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Fonda Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

173.    The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

174.    The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Fonda Board, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXXV
**(Plaintiff Fonda Board Against Officer Chris Gill
for State Claim of Assault and Battery)**

175.    Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one

through fifty-six as if fully set forth herein.

176.    The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Fonda Board did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Fonda Board, demands compensatory damages from the Defendant Officer Gill.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT XXXVI
**(Plaintiff Fonda Board Against Officer Chris Gresham**
**for State Claim of Assault and Battery)**

177.    Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

178.    The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Fonda Board did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Fonda Board, demands compensatory damages from the Defendant Officer Gresham.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT XXXVII
**(Plaintiff Fonda Board Against Officer Chris Gill**
**for State Claim of Intentional Infliction of Emotional Distress)**

179. Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

180. Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Fonda Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

181. As a proximate result of the above-referenced conduct, the Plaintiff, Fonda Board, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Fonda Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT XXXVIII
**(Plaintiff Fonda Board Against Officer Chris Gresham
for State Claim of Intentional Infliction of Emotional Distress)**

182. Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

183. Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Fonda Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

184. As a proximate result of the above-referenced conduct, the Plaintiff Fonda Board has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and

has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Fonda Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XXXIX
### (Plaintiff Fonda Board Against Officer Chris Gill
### for State Claim of Willful and Wanton Conduct)

185.     Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

186.     At all times material and relevant, the Defendant Officer Gill owed Fonda Board a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

187.     Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

a.     Aimed a gun at Fonda Board absent any provocation;

b.     Threatened Fonda Board with physical harm;

c.     Otherwise acted with reckless disregard for the health, safety and medical needs of Fonda Board.

188.     As a proximate result of the above-referenced conduct, Plaintiff Fonda Board sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Fonda Board, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever

additional relief this Court deems equitable and just.

## COUNT XL
### (Plaintiff Fonda Board Against Officer Chris Gresham
### for State Claim of Willful and Wanton Conduct)

189.    Plaintiff Fonda Board re-alleges, restates and incorporates paragraphs one

through fifty-six as if fully set forth herein.

190.    At all times material and relevant, the Defendant Officer Gresham owed the

Plaintiff, Fonda Board, a duty to exercise reasonable care during their interactions,

including but not limited to, the Plaintiff's detention.

191.    Notwithstanding said duties, Defendant Officer Gresham engaged in the

following willful and wanton conduct:

a.    Aimed a gun at Fonda Board absent any provocation;

b.    Threatened Fonda Board with physical harm;

c.    Otherwise acted with reckless disregard for the health, safety and medical
      needs of Fonda Board.

192.    As a proximate result of the above-referenced conduct, Plaintiff, Fonda

Board, sustained severe and permanent injuries, endured pain and suffering and sustained

further damages.

WHEREFORE, the Plaintiff Fonda Board demands compensatory damages from

Officer Gresham.  Fonda Board also demands punitive damages and costs and whatever

additional relief this Court deems equitable and just.

## COUNT XLI
### (Plaintiff Eli Board Against Officer Chris Gill for Excessive Force)

193.    Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one

through fifty-six as if fully set forth herein.

194. Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Eli Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

195. The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

196. The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Eli Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XLII**
**(Plaintiff Eli Board Against Officer Chris Gresham for Excessive Force)**

197. Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

198. Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Eli Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

199. The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

200. The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Eli Board, respectfully requests that this Honorable

Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XLIII**
**(Plaintiff Eli Board Against Officer Chris Gill for Unreasonable Seizure)**

201.     Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

202.     Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Eli Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

203.     The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

204.     The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Eli Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XLIV**
**(Plaintiff Eli Board Against Officer Chris Gresham for Unreasonable Seizure)**

205.     Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

206.     Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Eli Board and violated the Plaintiff's Fourth Amendment right to be free from

unreasonable seizure.

207.    The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

208.    The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Eli Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XLV**
**(Plaintiff Eli Board Against Officer Chris Gill**
**for State Claim of Assault and Battery)**

209.    Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

210.    The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Eli Board did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Eli Board, demands compensatory damages from the Defendant Officer Gill.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT XLVI**
**(Plaintiff Eli Board Against Officer Chris Gresham**

**for State Claim of Assault and Battery)**

211.     Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

212.     The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Eli Board did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.   Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Eli Board, demands compensatory damages from the Defendant Officer Gresham.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT XLVII**
**(Plaintiff Eli Board Against Officer Chris Gill**
**for State Claim of Intentional Infliction of Emotional Distress)**

213.     Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

214.     Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Eli Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

215.     As a proximate result of the above-referenced conduct, the Plaintiff, Eli Board, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Eli Board, respectfully requests that this Honorable

Court enter judgment against the Defendant and award him compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT XLVIII**
**(Plaintiff Eli Board Against Officer Chris Gresham**
**for State Claim of Intentional Infliction of Emotional Distress)**

216.    Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

217.    Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Eli Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

218.    As a proximate result of the above-referenced conduct, the Plaintiff Eli Board has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Eli Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT XLIX**
**(Plaintiff Eli Board Against Officer Chris Gill**
**for State Claim of Willful and Wanton Conduct)**

219.    Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

220.    At all times material and relevant, the Defendant Officer Gill owed Eli

Board a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

221.    Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

     a.     Aimed a gun at Eli Board absent any provocation;

     b.     Threatened Eli Board with physical harm;

     c.     Otherwise acted with reckless disregard for the health, safety and medical needs of Eli Board.

222.    As a proximate result of the above-referenced conduct, Plaintiff Eli Board sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Eli Board, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT L**
**(Plaintiff Eli Board Against Officer Chris Gresham**
**for State Claim of Willful and Wanton Conduct)**

223.    Plaintiff Eli Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

224.    At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Eli Board, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

225.    Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

     a.     Aimed a gun at Eli Board absent any provocation;

b.    Threatened Eli Board with physical harm;

c.    Otherwise acted with reckless disregard for the health, safety and medical needs of Eli Board.

226.    As a proximate result of the above-referenced conduct, Plaintiff, Eli Board, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Eli Board demands compensatory damages from Officer Gresham.  Eli Board also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LI
### (Plaintiff Derek Peters Against Officer Chris Gill for Excessive Force)

227.    Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

228.    Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Derek Peters and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

229.    The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

230.    The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Derek Peters, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that

this Honorable Court deems fair and just.

**COUNT LII**
**(Plaintiff Derek Peters Against Officer Chris Gresham for Excessive Force)**

231.    Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

232.    Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Derek Peters and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

233.    The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

234.    The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Derek Peters, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT LIII**
**(Plaintiff Derek Peters Against Officer Chris Gill for Unreasonable Seizure)**

235.    Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

236.    Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Derek Peters and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

237.    The above-referenced actions of Officer Gill constitute and amount to an

unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

238.    The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Derek Peters, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT LIV**
**(Plaintiff Derek Peters Against Officer Chris Gresham for Unreasonable Seizure)**

239.    Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

240.    Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Derek Peters and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

241.    The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

242.    The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Derek Peters, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT LV**

**(Plaintiff Derek Peters Against Officer Chris Gill
for State Claim of Assault and Battery)**

243.     Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

244.     The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Derek Peters did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Derek Peters, demands compensatory damages from the Defendant Officer Gill.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LVI
**(Plaintiff Derek Peters Against Officer Chris Gresham
for State Claim of Assault and Battery)**

245.     Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

246.     The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Derek Peters did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Derek Peters, demands compensatory damages from the Defendant Officer Gresham.  The Plaintiff also demands punitive damages and costs

and whatever additional relief this Court deems equitable and just.

### COUNT LVII
**(Plaintiff Derek Peters Against Officer Chris Gill
for State Claim of Intentional Infliction of Emotional Distress)**

247.    Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

248.    Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Derek Peters' welfare, safety and security and done with the intent to inflict severe emotional distress.

249.    As a proximate result of the above-referenced conduct, the Plaintiff, Derek Peters, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Derek Peters, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT LVIII
**(Plaintiff Derek Peters Against Officer Chris Gresham
for State Claim of Intentional Infliction of Emotional Distress)**

250.    Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

251.    Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Derek Peters' welfare, safety and security and done with the intent to inflict severe emotional distress.

252.    As a proximate result of the above-referenced conduct, the Plaintiff Derek Peters has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Derek Peters, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT LIX**
**(Plaintiff Derek Peters Against Officer Chris Gill**
**for State Claim of Willful and Wanton Conduct)**

253.    Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

254.    At all times material and relevant, the Defendant Officer Gill owed Derek Peters a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

255.    Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

a.    Aimed a gun at Derek Peters absent any provocation;

b.    Threatened Derek Peters with physical harm;

c.    Otherwise acted with reckless disregard for the health, safety and medical needs of Derek Peters.

256.    As a proximate result of the above-referenced conduct, Plaintiff Derek Peters sustained severe and permanent injuries, endured pain and suffering and sustained

further damages.

WHEREFORE, the Plaintiff, Derek Peters, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT LX**
**(Plaintiff Derek Peters Against Officer Chris Gresham**
**for State Claim of Willful and Wanton Conduct)**

257. Plaintiff Derek Peters re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

258. At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Derek Peters, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

259. Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

a. Aimed a gun at Derek Peters absent any provocation;

b. Threatened Derek Peters with physical harm;

c. Otherwise acted with reckless disregard for the health, safety and medical needs of Derek Peters.

260. As a proximate result of the above-referenced conduct, Plaintiff, Derek Peters, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Derek Peters demands compensatory damages from Officer Gresham. Derek Peters also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXI
**(Plaintiff Nancy Young Against Officer Chris Gill for Excessive Force)**

261.     Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

262.     Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Nancy Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

263.     The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

264.     The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Nancy Young, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXII
**(Plaintiff Nancy Young Against Officer Chris Gresham for Excessive Force)**

265.     Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

266.     Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Nancy Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

267. The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

268. The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Nancy Young, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT LXIII
**(Plaintiff Nancy Young Against Officer Chris Gill for Unreasonable Seizure)**

269. Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

270. Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Nancy Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

271. The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

272. The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Nancy Young, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT LXIV

**(Plaintiff Nancy Young Against Officer Chris Gresham for Unreasonable Seizure)**

273.     Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

274.     Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Nancy Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

275.     The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

276.     The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Nancy Young, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXV
**(Plaintiff Nancy Young Against Officer Chris Gill
for State Claim of Assault and Battery)**

277.     Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

278.     The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Nancy Young did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately

caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Nancy Young, demands compensatory damages from the Defendant Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT LXVI
**(Plaintiff Nancy Young Against Officer Chris Gresham
for State Claim of Assault and Battery)**

279. Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

280. The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Nancy Young did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Nancy Young, demands compensatory damages from the Defendant Officer Gresham. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT LXVII
**(Plaintiff Nancy Young Against Officer Chris Gill
for State Claim of Intentional Infliction of Emotional Distress)**

281. Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

282. Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Nancy Young's welfare, safety and security and done with the intent to inflict severe emotional

distress.

283. As a proximate result of the above-referenced conduct, the Plaintiff, Nancy Young, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Nancy Young, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXVIII
### (Plaintiff Nancy Young Against Officer Chris Gresham for State Claim of Intentional Infliction of Emotional Distress)

284. Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

285. Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Nancy Young's welfare, safety and security and done with the intent to inflict severe emotional distress.

286. As a proximate result of the above-referenced conduct, the Plaintiff Nancy Young has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Nancy Young, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory

damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXIX
### (Plaintiff Nancy Young Against Officer Chris Gill for State Claim of Willful and Wanton Conduct)

287. Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

288. At all times material and relevant, the Defendant Officer Gill owed Nancy Young a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

289. Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

    a. Aimed a gun at Nancy Young absent any provocation;

    b. Threatened Nancy Young with physical harm;

    c. Otherwise acted with reckless disregard for the health, safety and medical needs of Nancy Young.

290. As a proximate result of the above-referenced conduct, Plaintiff Nancy Young sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Nancy Young, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXX
### (Plaintiff Nancy Young Against Officer Chris Gresham for State Claim of Willful and Wanton Conduct)

291.    Plaintiff Nancy Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

292.    At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Nancy Young, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

293.    Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

a.    Aimed a gun at Nancy Young absent any provocation;

b.    Threatened Nancy Young with physical harm;

c.    Otherwise acted with reckless disregard for the health, safety and medical needs of Nancy Young.

294.    As a proximate result of the above-referenced conduct, Plaintiff, Nancy Young, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Nancy Young demands compensatory damages from Officer Gresham.  Nancy Young also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXXI
**(Plaintiff Robert Young Against Officer Chris Gill for Excessive Force)**

295.     Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

296.    Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Robert Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

297.     The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

298.     The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Robert Young, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT LXXI
**(Plaintiff Robert Young Against Officer Chris Gresham for Excessive Force)**

299.     Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

300.     Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Robert Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

301.     The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

302.     The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Robert Young, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXXII
### (Plaintiff Robert Young Against Officer Chris Gill for Unreasonable Seizure)

303. Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

304. Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Robert Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

305. The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

306. The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Robert Young, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXXIII
### (Plaintiff Robert Young Against Officer Chris Gresham for Unreasonable Seizure)

307. Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

308. Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Robert Young and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

309. The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States

Constitution.

310. The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Robert Young, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXXIV
### (Plaintiff Robert Young Against Officer Chris Gill for State Claim of Assault and Battery)

311. Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

312. The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Robert Young did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Robert Young, demands compensatory damages from the Defendant Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXXV
### (Plaintiff Robert Young Against Officer Chris Gresham for State Claim of Assault and Battery)

313. Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

314.     The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Robert Young did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Robert Young, demands compensatory damages from the Defendant Officer Gresham.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT LXXVI
**(Plaintiff Robert Young Against Officer Chris Gill
for State Claim of Intentional Infliction of Emotional Distress)**

315.     Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

316.     Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Robert Young's welfare, safety and security and done with the intent to inflict severe emotional distress.

317.     As a proximate result of the above-referenced conduct, the Plaintiff, Robert Young, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Robert Young, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages.  The Plaintiff also demands punitive damages and costs and whatever additional

relief this Court deems equitable and just.

## COUNT LXXVII
### (Plaintiff Robert Young Against Officer Chris Gresham
### for State Claim of Intentional Infliction of Emotional Distress)

318.     Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

319.     Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Robert Young's welfare, safety and security and done with the intent to inflict severe emotional distress.

320.     As a proximate result of the above-referenced conduct, the Plaintiff Robert Young has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Robert Young, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXXVIII
### (Plaintiff Robert Young Against Officer Chris Gill
### for State Claim of Willful and Wanton Conduct)

321.     Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

322.     At all times material and relevant, the Defendant Officer Gill owed Robert Young a duty to exercise reasonable care during their interactions, including but not

limited to, the Plaintiff's detention.

323.     Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

    a.    Aimed a gun at Robert Young absent any provocation;

    b.    Threatened Robert Young with physical harm;

    c.    Otherwise acted with reckless disregard for the health, safety and medical needs of Robert Young.

324.     As a proximate result of the above-referenced conduct, Plaintiff Robert Young sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Robert Young, demands compensatory damages from Officer Gill.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

**COUNT LXXIX**
**(Plaintiff Robert Young Against Officer Chris Gresham**
**for State Claim of Willful and Wanton Conduct)**

325.     Plaintiff Robert Young re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

326.     At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Robert Young, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

327.     Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

    a.    Aimed a gun at Robert Young absent any provocation;

    b.    Threatened Robert Young with physical harm;

c.    Otherwise acted with reckless disregard for the health, safety and medical needs of Robert Young.

328.    As a proximate result of the above-referenced conduct, Plaintiff, Robert Young, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Robert Young demands compensatory damages from Officer Gresham. Robert Young also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXXX
**(Plaintiff Jerry Board Against Officer Chris Gill for Excessive Force)**

329.    Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

330.    Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Jerry Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

331.    The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

332.    The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Jerry Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXXXI

**(Plaintiff Jerry Board Against Officer Chris Gresham for Excessive Force)**

333. Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

334. Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Jerry Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

335. The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

336. The aforementioned actions of Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Jerry Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT LXXXII**
**(Plaintiff Jerry Board Against Officer Chris Gill for Unreasonable Seizure)**

337. Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

338. Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Jerry Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

339. The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

340. The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Jerry Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXXXIII
**(Plaintiff Jerry Board Against Officer Chris Gresham for Unreasonable Seizure)**

341. Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

342. Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Jerry Board and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

343. The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

344. The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Jerry Board, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT LXXXIV
**(Plaintiff Jerry Board Against Officer Chris Gill
for State Claim of Assault and Battery)**

345. Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

346. The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Jerry Board did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Jerry Board, demands compensatory damages from the Defendant Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT LXXXV
**(Plaintiff Jerry Board Against Officer Chris Gresham
for State Claim of Assault and Battery)**

347. Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

348. The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Jerry Board did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Jerry Board, demands compensatory damages from the Defendant Officer Gresham. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT LXXXVI

**(Plaintiff Jerry Board Against Officer Chris Gill
for State Claim of Intentional Infliction of Emotional Distress)**

349.     Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

350.     Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Jerry Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

351.     As a proximate result of the above-referenced conduct, the Plaintiff, Jerry Board, has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Jerry Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXXXVII
**(Plaintiff Jerry Board Against Officer Chris Gresham
for State Claim of Intentional Infliction of Emotional Distress)**

352.     Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

353.     Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Jerry Board's welfare, safety and security and done with the intent to inflict severe emotional distress.

354.     As a proximate result of the above-referenced conduct, the Plaintiff Jerry

Board has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in his everyday activities.

WHEREFORE, the Plaintiff, Jerry Board, respectfully requests that this Honorable Court enter judgment against the Defendant and award him compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT LXXXVIII
**(Plaintiff Jerry Board Against Officer Chris Gill
for State Claim of Willful and Wanton Conduct)**

355. Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

356. At all times material and relevant, the Defendant Officer Gill owed Jerry Board a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

357. Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

    a. Aimed a gun at Jerry Board absent any provocation;

    b. Threatened Jerry Board with physical harm;

    c. Otherwise acted with reckless disregard for the health, safety and medical needs of Jerry Board.

358. As a proximate result of the above-referenced conduct, Plaintiff Jerry Board sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Jerry Board, demands compensatory damages from Officer Gill. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT LXXXIX
### (Plaintiff Jerry Board Against Officer Chris Gresham for State Claim of Willful and Wanton Conduct)

359. Plaintiff Jerry Board re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

360. At all times material and relevant, the Defendant Officer Gresham owed the Plaintiff, Jerry Board, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

361. Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

a. Aimed a gun at Jerry Board absent any provocation;

b. Threatened Jerry Board with physical harm;

c. Otherwise acted with reckless disregard for the health, safety and medical needs of Jerry Board.

362. As a proximate result of the above-referenced conduct, Plaintiff, Jerry Board, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Jerry Board demands compensatory damages from Officer Gresham. Jerry Board also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XC
### (Plaintiff Betty Wildman Against Officer Chris Gill for Excessive Force)

363.     Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

364.     Defendant Officer Gill's actions amounted to an excessive use of force unto Plaintiff Betty Wildman and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

365.     The above-referenced actions of Officer Gill constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

366.     The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Betty Wildman, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XCI
### (Plaintiff Betty Wildman Against Officer Chris Gresham for Excessive Force)

367.     Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

368.     Defendant Officer Gresham's actions amounted to an excessive use of force unto Plaintiff Betty Wildman and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

369.     The above-referenced actions of Officer Gresham constitute and amount to an excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

370.     The aforementioned actions of Officer Gresham were the direct and

proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Betty Wildman, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XCII**
**(Plaintiff Betty Wildman Against Officer Chris Gill for Unreasonable Seizure)**

371.    Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

372.    Defendant Officer Gill's actions amounted to an unreasonable seizure of Plaintiff Betty Wildman and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

373.    The above-referenced actions of Officer Gill constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

374.    The aforementioned actions of Officer Gill were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Betty Wildman, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XCIII**
**(Plaintiff Betty Wildman Against Officer Chris Gresham for Unreasonable Seizure)**

375.    Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

376. Defendant Officer Gresham's actions amounted to an unreasonable seizure of Plaintiff Betty Wildman and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

377. The above-referenced actions of Defendant Officer Gresham constitute and amount to an unreasonable seizure in violation of 42 U.S.C. § 1983 and the United States Constitution.

378. The aforementioned actions of Defendant Officer Gresham were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, Betty Wildman, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XCIV
**(Plaintiff Betty Wildman Against Officer Chris Gill
for State Claim of Assault and Battery)**

379. Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

380. The acts of Defendant Officer Gill, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Betty Wildman did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Betty Wildman, demands compensatory damages from the Defendant Officer Gill. The Plaintiff also demands punitive damages and costs

and whatever additional relief this Court deems equitable and just.

## COUNT XCV
### (Plaintiff Betty Wildman Against Officer Chris Gresham
### for State Claim of Assault and Battery)

381.    Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

382.    The acts of the Defendant Officer Gresham, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which Betty Wildman did not consent, and thus constitute assault and  battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

WHEREFORE, the Plaintiff, Betty Wildman, demands compensatory damages from the Defendant Officer Gresham.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XCVI
### (Plaintiff Betty Wildman Against Officer Chris Gill
### for State Claim of Intentional Infliction of Emotional Distress)

383.    Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

384.    Defendant Officer Gill's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Betty Wildman's welfare, safety and security and done with the intent to inflict severe emotional distress.

385.    As a proximate result of the above-referenced conduct, the Plaintiff, Betty Wildman, has sustained severe and permanent injuries, including severe emotional distress,

mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Betty Wildman, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XCVII
### (Plaintiff Betty Wildman Against Officer Chris Gresham
### for State Claim of Intentional Infliction of Emotional Distress)

386.    Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

387.    Defendant Gresham's conduct, as described above, was so extreme and outrageous and accomplished through the blatant disregard for the Plaintiff Betty Wildman's welfare, safety and security and done with the intent to inflict severe emotional distress.

388.    As a proximate result of the above-referenced conduct, the Plaintiff Betty Wildman has sustained severe and permanent injuries, including severe emotional distress, mental anguish and psychological/psychiatric injuries, has suffered a pecuniary loss and has lost the enjoyment in and the ability to engage in her everyday activities.

WHEREFORE, the Plaintiff, Betty Wildman, respectfully requests that this Honorable Court enter judgment against the Defendant and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT XCVIII
### (Plaintiff Betty Wildman Against Officer Chris Gill

**for State Claim of Willful and Wanton Conduct)**

389.    Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

390.    At all times material and relevant, the Defendant Officer Gill owed Betty Wildman a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

391.    Notwithstanding said duties, Defendant Officer Gill engaged in the following willful and wanton conduct:

a.    Aimed a gun at Betty Wildman absent any provocation;

b.    Threatened Betty Wildman with physical harm;

c.    Otherwise acted with reckless disregard for the health, safety and medical needs of Betty Wildman.

392.    As a proximate result of the above-referenced conduct, Plaintiff Betty Wildman sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Betty Wildman, demands compensatory damages from Officer Gill.  The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT XCIX
**(Plaintiff Betty Wildman Against Officer Chris Gresham
for State Claim of Willful and Wanton Conduct)**

393.    Plaintiff Betty Wildman re-alleges, restates and incorporates paragraphs one through fifty-six as if fully set forth herein.

394.    At all times material and relevant, the Defendant Officer Gresham owed the

Plaintiff, Betty Wildman, a duty to exercise reasonable care during their interactions, including but not limited to, the Plaintiff's detention.

395.     Notwithstanding said duties, Defendant Officer Gresham engaged in the following willful and wanton conduct:

    a.      Aimed a gun at Betty Wildman absent any provocation;

    b.      Threatened Betty Wildman with physical harm;

    c.      Otherwise acted with reckless disregard for the health, safety and medical needs of Betty Wildman.

396.     As a proximate result of the above-referenced conduct, Plaintiff, Betty Wildman, sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff Betty Wildman demands compensatory damages from Officer Gresham.  Betty Wildman also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT C
**(Plaintiffs Ernest Board, Sonya Board, Travis Board, Fonda Board, Eli Board, Derek Peters, Nancy Young, Robert Young, Jerry Board and Betty Wildman Against City of Paris for State Claim of *Respondeat Superior*)**

397.     Plaintiffs re-allege, restate and incorporate paragraphs 1 through 396 as if fully set forth herein.

398.     The Defendant Officers were at all times relevant to this complaint employees of the CITY OF PARIS, ILLINOIS, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

399. The CITY OF PARIS, ILLINOIS, is and was at all times material to this complaint the employer and principal of the Defendant Officers.

400. The aforesaid acts of the Defendant Officers were in the scope of their employment as Officers with the City of Paris Police Department, were willful and wanton, and therefore the Defendant, the CITY OF PARIS, ILLINOIS, as principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, the Plaintiffs, demand judgment against Defendant the CITY OF PARIS, ILLINOIS, and such other additional relief as this Court deems equitable and just.

## COUNT CI
**(Plaintiffs Ernest Board, Sonya Board, Travis Board, Fonda Board, Eli Board, Derek Peters, Nancy Young, Robert Young, Jerry Board and Betty Wildman Against City of Paris for 745 ILCS 10/9-102 Claim)**

401. Plaintiffs re-allege, restate and incorporate paragraphs 1 through 400 as if fully set forth herein.

402. The Defendant Officers were at all times relevant to this complaint employees of the CITY OF PARIS, ILLINOIS, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

403. The CITY OF PARIS, ILLINOIS, is and was at all times material to this complaint the employer and principal of the Defendant Officers.

404. The aforesaid acts of Defendant Officers were in the scope of their employment as Officers with the City of Paris Police Department, and under color of law and therefore the Defendant, the CITY OF PARIS, ILLINOIS, as principal of the Defendant Officers, is liable for the actions of its agents under 745 ILCS 10/102.

WHEREFORE, should the Defendant Officers be found liable for the acts alleged in paragraphs 1 through 404 above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the CITY OF PARIS, ILLINOIS, pay any judgment obtained against Defendants Officer Gill and Defendant Officer Gresham in connection with this litigation, and such other additional relief as this Court deems equitable and just.

Respectfully Submitted

S/ David S. Lipschultz
Richardson, Stasko, Boyd & Mack, LLC
20 S. Clark St., Suite 500
Chicago, IL  60603
(312) 372-7075
ARDC No. 6277910
dlipschultz@rsbmlaw.com

**Attorneys for Plaintiffs:**
The Law Offices of Blake Horwitz
155 N. Michigan Ave., Ste 714
Chicago, IL 60601
(312) 616-4433
ARDC No. 6200803
        6280081


Richardson, Stasko, Boyd & Mack, LLC
20 S. Clark St., Suite 500
Chicago, IL  60603
(312) 372-7075
ARDC No. 6277910
        6256982

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Edgar Board; Sonya Board; Travis Board; Fonda Board; Eli Board; Derek Peters; Nancy Young; Robert Young; Jerry Board; Betty Wild Mann

## DEFENDANTS

Officer Chris Gill; Officer Chris Gresham; and the City of Paris, Illinois

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Edgar
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Edgar
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David Lipschutz
Richardson, Stasko, Boyd & Mack, LLC
20 S. Clark, Ste. 500
Chicago, IL 60603  312-372-7075

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [X] 440 Other Civil Rights

### PRISONER
- [ ] 510 Motions to Vacate Sentence
  **HABEAS CORPUS:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/ Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Civ. Rts. Act 42 U.S.C. §1983, Judicial Code, 28 U.S.C. 1331 and 1343(a); the Const. of the U.S. and supp. jurisdiction, 28 U.S.C. 1367(a).

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  4/28/05

SIGNATURE OF ATTORNEY OF RECORD